**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4297**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

FERNANDO REYNOSO AVALOS,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Anthony J. Trenga, District Judge.  (1:10-cr-00134-AJT-1)

Submitted:  January 20, 2012        Decided:  January 26, 2012

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Patricia Palmer Nagel, THE LAW OFFICES OF PATRICIA PALMER NAGEL, PLC, Williamsburg, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Scott B. Nussbum, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Reynoso Avalos ("Avalos") was convicted after a jury trial on one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court calculated Avalos' Guidelines range under the U.S. Sentencing Guidelines Manual (2010) at 324 to 405 months' imprisonment and, after imposing a downward variance, sentenced him to 210 months' imprisonment. Avalos argues on appeal that the evidence is insufficient to support his conviction and that his sentence is unreasonable. We affirm.

We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). When a defendant challenges the sufficiency of the evidence supporting the jury's guilty verdict, we view the evidence and all reasonable inferences in favor of the Government and will uphold the jury's verdict if it is supported by substantial evidence. United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted).

Given the deference shown to the jury's verdict on appeal, this court has held that the uncorroborated testimony of

a single witness may be sufficient to uphold a conviction, even if that witness has credibility problems. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997) (holding that the uncorroborated testimony of an informant may be sufficient to sustain a conviction); United States v. Baker, 985 F.2d 1248, 1255 (4th Cir. 1993) (stating that the uncorroborated testimony of an accomplice was sufficient to support conviction). Further, in reviewing for substantial evidence, we will not re-weigh the credibility of witnesses and assume that the jury found witnesses credible. United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995).

To obtain a conviction for conspiracy to distribute cocaine, the Government must prove the following essential elements: (1) an agreement between two or more persons to distribute the drug; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy. Green, 599 F.3d at 367; United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008). Once the Government proves the existence of a conspiracy, the evidence need only establish a "slight connection" between the defendant and the conspiracy to support the conviction. Green, 599 F.3d at 367.

Avalos argues that, although the evidence adduced at trial was sufficient to show the existence of a conspiracy to

3

distribute five kilograms or more of cocaine, it is insufficient to show the requisite slight connection between the conspiracy and him because testimony linking him to the conspiracy was given by witnesses with credibility problems and because the wiretap and telephone record evidence presented by the Government did not link him to the conspiracy. We reject this assertion as meritless. In evaluating the sufficiency of the evidence, we focus on whether a reasonable jury could have found the defendant guilty of the charge, given the evidence before it. After review of the trial transcripts, we conclude that the witness testimony was more than sufficient to establish Avalos' knowledge of the conspiracy and knowing and voluntary participation in it. Thus, the jury could have reasonably found that Avalos committed the offense charged.

With respect to the 210-month sentence, we review it for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This abuse-of-discretion standard of review involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51). When the district court imposes a variant sentence, we consider "whether the . . . court acted reasonably both with respect to its

4

decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

Avalos does not contend that the district court committed any significant procedural error. Rather, he claims that his 210-month sentence is unreasonable because his co-conspirators were sentenced less harshly than him and because the sentence violates the Equal Protection Clause of the Constitution. We disagree.

It is well-settled that co-defendants and co-conspirators may be sentenced differently for their commission of the same offense. United States v. Pierce, 409 F.3d 228, 235 (4th Cir. 2005). Standing alone, then, the mere fact that Avalos' co-conspirators received prison sentences that were less harsh than the prison sentence he received does not provide a basis for vacating his sentence. Id. Further, a criminal sentence violates the Equal Protection Clause "only if it reflects disparate treatment of similarly situated defendants lacking any rational basis." Id. at 234. Avalos and his co-conspirators, however, were not similarly situated. Avalos was sentenced on the basis of all of the evidence adduced at trial, including his co-conspirators' testimony concerning the sheer quantity of cocaine he distributed, the sums of money he

5

collected, and his role directing the activities of others, while his co-conspirators pled guilty and were sentenced based on stipulations of facts to which the Government agreed and based on information available prior to Avalos' trial.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>